{¶ 45} I respectfully dissent.
 {¶ 46} Kathleen Burch, Ph.D., examined David L. Braden on four occasions before trial and found him to be mentally ill. Her diagnosis of paranoid personality disorder and depression is not inaccurate, but does not completely describe his mental illness. Mr. Braden was suffering from delusions, such as the delusion he was a prophet from God. Clearly, a man who was only weeks away from a trial at which his very life was at stake and still is demanding that the government grant him a pardon, academic degrees and $20-30 million dollars is not in touch with reality. Mr. Braden was still deteriorating on the day his trial started.
 {¶ 47} I cannot fault defense counsel for failing to demand an additional competency determination. Counsel had no expert who was willing to say Mr. Braden was not competent and the last demand note, asking for diplomatic credentials and $100 million dollars, was similar to an earlier note.
 {¶ 48} I likewise cannot fault the trial judge for failing to order another competency hearing sua sponte. Mr. Braden was clearly mentally ill, but one can be seriously mentally ill and still competent. Capable defense counsel did not request another competency determination at trial time.
 {¶ 49} The place I part company with the majority of the panel and with the trial judge is on the issue of whether the courts are now foreclosed from further consideration of Mr. Braden's competency to stand trial at the time his trial actually commenced. Two important developments have occurred since the trial ended. Dr. Burch, upon learning more information about Mr. Braden's continuing deterioration, has now rendered an expert opinion that Mr. Braden had deteriorated below the legal standard for competency. Douglas Mossman, M.D., evaluated Mr. Braden and provided a psychiatric opinion that Mr. Braden had not been competent to stand trial.
 {¶ 50} When the trial judge considered the petition for post-conviction relief, the trial judge heard the testimony of Dr. Burch and was not convinced that a new demand note from Mr. Braden to his lawyers given immediately before trial commenced was enough different from the delusional notes he had provided earlier to support the change in opinion about Mr. Braden's competency which Dr. Burch now espoused. The trial judge's skepticism about Dr. Burch's testimony would be understandable if taken alone. However, Dr. Burch was not the only expert now saying that Mr. Braden was not competent to stand trial. As noted above, Dr. Burch's new opinion was not the only new development. Dr. Mossman also had provided an opinion that Mr. Braden had not been competent.
 {¶ 51} The trial court refused to consider Dr. Mossman's opinion and refused to allow him to testify in the post-conviction proceedings, although the trial court's written decision on the issue is not a model of consistency. At the time of the evidentiary hearing, the trial judge deprived himself of the ability to fully evaluate Dr. Mossman's credibility by refusing to allow Dr. Mossman to testify. Then the trial judge attacked Dr. Mossman's credibility.
 {¶ 52} I believe that Dr. Mossman's testimony could have provided the trial court with additional insight as to why Dr. Burch's opinion was affected by Mr. Braden's continuing deterioration and could have made Dr. Mossman's own opinions more understandable because they could be elaborated in detail. Given the obvious fact that Mr. Braden was seriously delusional at the time of trial, the new opinions regarding his competency needed to be given serious consideration.
 {¶ 53} I would reverse the judgment of the trial court and remand the case for a new evidentiary hearing at which the testimony of both Drs. Mossman and Burch would be heard. Since the majority of the panel does not reach this conclusion, I respectfully dissent.